**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| H. LYNDON TAYLOR and<br>BARBARA L. TAYLOR, | § | |
| | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | **Case No.: 3:06-CV-2118-B** |
| vs. | § | |
| | § | **ECF** |
| ONE PRESENTLY UNKNOWN, | § | |
| ONE PARTIALLY UNKNOWN whose | § | |
| initials are MAL, | § | |
| ROBERT R. Di TROLIO, | § | |
| MARK W. EVERSON, | § | |
| DONALD L. KORB, | § | |
| THOMAS R. THOMAS, | § | |
| GARY A. BENFORD, | § | |
| ABBEY B. GARBER, | § | |
| MICHELLE M. KWON, | § | |
| SCOTT PRENTKY, | § | |
| RODNEY J. STRICKLAND, and | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| **Defendants.** | § | |

**BRIEF IN SUPPORT OF UNITED STATES' MOTION TO**
**DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT**

RICHARD B. ROPER, III

UNITED STATES ATTORNEY

 /s/ David G. Adams
_____
DAVID G. ADAMS
Attorney, Tax Division
State Bar No. 00793227
Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
Phone: (214) 880-9737
Fax: (214) 880-9741

ATTORNEY FOR THE UNITED STATES

# <u>TABLE OF CONTENTS</u>

I. Introduction and Background ................................................................................2

II. Argument and Authorities...................................................................................8

   A.  Summary of Applicable Law .........................................................................8

   B.  Plaintiffs' Claims are Barred by Sovereign Immunity and Must Be Dismissed...............10

   C.  The Defendants are Entitled to Immunity From Suit.........................................................13

       1)     Defendants Korb, Thomas, Benford, Garber and Kwon are Entitled to
Absolute Prosecutorial Immunity and Plaintiffs' Claims Against Them
Should be Dismissed..................................................................................13

       2)     Defendants Everson, Prentky, Strickland and Di Trolio Are Entitled
to Qualified Immunity ................................................................................17

   D.  The Individual Defendants Were Not Properly Served ...................................................20

   E.  Plaintiffs' Request for Injunctive Relief is Barred by 26 U.S.C. § 7421 .........................21

   F.  Plaintiffs' Request for Declaratory Relief Fails to State a Claim ....................................22

   G.  Plaintiffs' Claims Under the Federal and Texas Criminal Statutes Should
be Dismissed For Failure to State Claim Upon Which Relief Can Be Granted ...............23

III.  Conclusion ...........................................................................................................24

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*,
635 F.2d 434 (5th Cir. 1981) ....................................................................20

*Atkinson v. O'Neill*, 867 F.2d 589 (9th Cir. 1989) ............................................12

*Auriemma v. Montgomery*, 860 F.2d 273 (7th Cir. 1988).............................................16, 17

*Baddour, Inc. v. United States*, 802 F.2d 801 (5th Cir. 1986) ...........................................12

*Barrera-Montenegro v. United States*, 74 F.3d 657 (5th Cir. 1996) ..................................8

*Barrett v. United States*, 798 F.2d 565 (2d Cir.1986)........................................................15

*Bass Angler Sportsman Society v. United States Steel Corp.*,
324 F. Supp. 412 (S.D.Ala.1971), *aff'd*, 447 F.2d 1304 (5th Cir.1971) ....................23

*Bell v. Health-Mor, Inc.*, 549 F.2d 342 (5th Cir. 1977) ....................................................24

*Berger v. Pierce*, 933 F.2d 393 (6th Cir. 1991) ...............................................................12

*Blackburn v. Marshall*, 42 F.3d 925 (5th Cir. 1995) .........................................................9

*Bob Jones University v. Simon*, 416 U.S. 725 (1974).................................................21, 22

*Brandon v. Holt*, 469 U.S. 464 (1985)............................................................................13

*Brooks v. Snow*, 313 F. Supp. 2d 654 (S.D. Tex. 2004), *aff'd sub nom.*
*Brooks v. Dam*, 126 Fed. Appx. 173 (5th Cir. 2005).................................................10

*Bruno v. United States*, 547 F.2d 71 (8th Cir. 1976) .......................................................11

*Burgos v. Milton*, 709 F.2d 1 (1st Cir. 1983)..................................................................12

*Butz v. Economou*, 438 U.S. 478 (1978)............................................................13, 14, 15

*Cameron v. IRS*, 773 F.2d 126 (7th Cir. 1985)................................................................12

*Campbell v. Wells Fargo Bank*, 781 F.2d 440 (5th Cir. 1980) ...........................................9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................9

*Cheatham v. United States*, 92 U.S. 85 (1876) ...............................................................22

*Clay v. Allen*, 242 F.3d 679 (5th Cir. 2001)...............................................................18, 19

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000)...............................9

*Committe v. Dennis Reimer Co., L.P.A.*, 150 F.R.D. 495 (D. Vt. 1993) ..........................23

*Cullinan v. Abramson*, 128 F.3d 301 (6th Cir. 1997) ......................................................18

*Deusch v. U.S. Department of Justice*, 881 F. Supp. 49 (D.D.C. 1995),
    *aff'd*, 93 F.3d 986 (D.C. Cir. 1996).....................................................................17, 18

*Drake v. Enyart*, 2006 WL. 3524109 (W.D. Ky. Dec. 4, 2006) ......................................24

*Duckett v. City of Cedar Park*, 950 F.2d 272 (5th Cir. 1992)............................................9

*Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308 (5th Cir. 1995)..................................9

*Dugar v. Coughlin*, 613 F. Supp. 849 (S.D.N.Y.1985) ....................................................24

*Edelman v. Jordan*, 415 U.S. 651 (1974) .........................................................................11

*Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962) ................................22

*F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ..........................................................................10

*Federal Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130 (4th Cir.1987)........................24

*Flood v. Harrington*, 532 F.2d 1248 (9th Cir. 1976)........................................................15

*Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir. 1986).....................................................9

*Fry v. Melaragno*, 939 F.2d 832 (9th Cir. 1991) ...................................................14, 15, 16

*Gilbert v. DaGrossa*, 756 F.2d 1455 (9th Cir. 1985)............................................10, 12, 13

*Green v. State Bar of Texas*, 27 F.3d 1083 (5th Cir. 1994) ..............................................15

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .....................................................................18

*Harvey Construction Co. v. Robertson-CECO Corp.*, 10 F.3d 300 (5th Cir. 1994)..........11

*Hutchinson v. United States*, 677 F.2d 1322 (9th Cir. 1982)............................................18

*Imbler v. Pachtman*, 424 U.S. 409 (1976) ................................................................14, 17

*Keenan v. McGrath*, 328 F.2d 610 (1st Cir.1964) ...........................................................23

*Kentucky v. Graham*, 473 U.S. 159 (1985).......................................................................13

*King v. Dogan*, 31 F.3d 344 (5th Cir. 1994).....................................................................10

*Land v. Dollar*, 330 U.S. 731 (1947) ...............................................................................11

*Larson v. Domestic & Foreign Comm. Corp.*, 337 U.S. 682 (1949)................................11

*Larson v. Larson*, 671 F. Supp. 718 (D. Utah 1987) ........................................................24

*Lonsdale v. United States*, 919 F.2d 1440 (10th Cir. 1990)................................................10

*McNeily v. United States*, 6 F.3d 343 (5th Cir. 1993)........................................................12

*McQueen v. United States*, 264 F. Supp. 2d 502 (S.D. Tex. 2003) ...................................14

*Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988)............................................................15

*Mendenhall v. Goldsmith*, 59 F.3d 685 (7th Cir. 1995)....................................................15

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) .........................................................................17

*Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701 (1st Cir. 1993)...............................13

*Nordbrock v. United States*, 96 F. Supp. 2d 944 (D. Ariz. 2000)......................................24

*Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182 (2d Cir. 1996) .....................9

*Pereira v. U.S. Postal Serv.*, 964 F.2d 873 (9th Cir. 1992) ...............................................12

*Powell v. Kopman*, 511 F. Supp. 700 (S.D.N.Y. 1981) ....................................................24

*Ramming v. United States*, 281 F.2d 158 (5th Cir. 2001) ...................................................9

*Robinson v. Volswagenwerk AG*, 940 F.2d 1369 (10th Cir. 1991)....................................16

*Rosado v. Deters*, 5 F.3d 119 (5th Cir. 1993) ...................................................................10

*Saunders v. Bush*, 15 F.3d 64 (5th Cir. 1994)..............................................................15, 18

*Schrob v. Catterson*, 948 F.2d 1402 (3d Cir. 1991)..........................................................15

*State of Hawaii v. Gordon*, 373 U.S. 57 (1963)................................................................13

*State Railroad Tax Cases*, 92 U.S. 575 (1876)..................................................................22

*Stump v. Sparkman*, 435 U.S. 349 (1978)..........................................................................13

*Suarez v. United States,* 22 F.3d 1064, (11th Cir. 1994) ..................................................10

*Swift v. United States Border Patrol*, 578 F.Supp. 35 (S.D. Tex. 1983) ...........................11

*Tarter v. Hury*, 646 F.2d 1010 (5th Cir. 1981)..................................................................19

*Topalian v. Ehrman*, 954 F.2d 1125 (5th Cir. 1992) .........................................................10

*Tello v. Comair,* 2005 WL 1664707 (5TH Cir. July 18, 2005) .............................................2

*Unimex, Inc. v. U.S. Department Housing and Urban Development*,
594 F.2d 1060 (5th Cir. 1979) ..................................................................13

*United States v. Dansby*, 509 F. Supp. 188 (N.D. Ohio 1981) ........................................11

*United States v. King*, 395 U.S. 1, 4, (1969) ..................................................................10

*United States v. Nordic Village*, 503 U.S. 30, 34 (192)..................................................10

*United States v. Shaw*, 309 U.S. 495 (1940)..................................................................10

*United States v. Testan*, 424 U.S. 392 (1976) ................................................................11

*White v. Apollo Group*, 241 F. Supp. 2d 710 (W.D.Tex. 2003) ........................................24

*Williams v. McCausland*, 791 F. Supp. 992 (S.D.N.Y. 1992) ..........................................24

*Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402 (8th Cir. 1999) ................24

## STATE CASES

*A.H. Belo Corp., KHOU-TV v. Corcoran*, 52 S.W.3d 375
(Tex. App.—Houston [1st Dist.] 2001, pet. denied)....................................................24

*Aguilar v. Chastain*, 923 S.W.2d 740 (Tex. App.—Tyler, 1996, writ denied)..................24

## FEDERAL STATUTES AND RULES

18 U.S.C. § 2......................................................................................................23

18 U.S.C. § 3......................................................................................................23

18 U.S.C. § 241..................................................................................................23

18 U.S.C. § 242..................................................................................................23

18 U.S.C. § 371..................................................................................................23

18 U.S.C. § 872..................................................................................................23

18 U.S.C. § 880..................................................................................................23

18 U.S.C. § 1001................................................................................................23

18 U.S.C. § 1341................................................................................................23

18 U.S.C. § 1349................................................................................................23

18 U.S.C. § 1512................................................................................................23

18 U.S.C. § 1513.................................................................................................23

18 U.S.C. § 1951.................................................................................................23

18 U.S.C. § 2071.................................................................................................23

26 U.S.C. § 6212(a).............................................................................................19

26 U.S.C. § 6213(a).............................................................................................19

26 U.S.C. § 7421.................................................................................................21

Fed. R. Civ. P. 4(i)..............................................................................................21

Fed. R. Civ. P. 11(b) & (c).............................................................................22, 23

Fed. R. Civ. P. 12(b)(1).........................................................................................8

Fed. R. Civ. P. 12(b)(6).........................................................................................9

Fed. R. Civ. P. 56(c).............................................................................................9

Fed. R. Civ. P. 56(e)...........................................................................................10

## STATE STATUTES

Texas Penal Code § 15.01....................................................................................23

Texas Penal Code § 15.02....................................................................................23

Texas Penal Code § 31.03....................................................................................23

Texas Penal Code § 36.05....................................................................................23

Texas Penal Code § 36.06....................................................................................23

Texas Penal Code § 37.09....................................................................................23

Texas Penal Code § 37.10....................................................................................23

Texas Penal Code § 39.03....................................................................................23

Texas Penal Code § 72.02....................................................................................23

The United States of America, as the real party in interest[1], submits this Brief in Support of its Motion to Dismiss or Alternatively for Summary Judgment against the Plaintiffs' complaint.  To the extent the Court must rely on matters outside the pleadings, the United States moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## I.  Introduction and Background

This case arises out of notices sent by the Internal Revenue Service to the Plaintiffs regarding their income taxes for tax year 2003, and a petition filed by the Plaintiffs in the United States Tax Court in which they seek a refund of taxes related to tax year 2003.  (Pltfs.' Cmplt., p.3 & Exs. P-105, P-106, P-128).  The Plaintiffs' Tax Court case is styled *H. Lyndon and Barbara L. Taylor v. Commissioner*, Dkt. No. 06-13834-06.  The IRS Commissioner, through its counsel, filed an answer to the Plaintiffs' petition and requested the imposition of a penalty under IRC § 6673 because of the Plaintiffs' frivolous tax protester arguments.[2]  (Pltfs.' Ex. P-139).  The Plaintiffs attach to their Complaint a "Verified Criminal Complaint" (hereafter "VCC") and exhibits that they allege support their claims.

In the case before this Court, the Plaintiffs' Complaint (like their Tax Court petition) espouses frivolous tax-protester rhetoric by claiming that certain officers and employees of the United States, including those of the United States Tax Court, have violated the Plaintiffs' rights

---

[1]  This Brief in Support is filed by and on behalf of the United States of America and any named defendant who is being sued in their representative capacity.  It should not be construed as an appearance of any of the individuals specifically named in the Plaintiffs' complaint.  It should also not be construed as a waiver of any defenses available to the defendants named in the complaint, including the requirements that service of process be obtained on these individual defendants consistent with Rule 4 of the Federal Rules of Civil Procedure.

[2]  Among the protester arguments advanced by the Plaintiffs in their Tax Court case are that (i) the Plaintiffs "decline to recognize, acknowledge, recognize or accept any benefits from any 'taxpayer's ID Number;'" (ii) Exhibits P-105 and P-106 are true and correct copies of the IRS' extortionate claims delivered by mail to the Plaintiffs, commonly called a Notice of Deficiency; (iii) the IRS and Department of Treasury were not authorized to practice law or accounting; (iv) the Plaintiffs have no fiduciary obligation or duty owing to the United States; (v) the Plaintiffs have received no "income" in the capacity of fiduciary with respect to the United States; and (vi) there is no Constitution, "constitutional Government" or "taxing power."  *See* Pltfs.' Ex. P-128.  These are all typical tax protester tax arguments, which have all been repeatedly rejected by the courts. *See e.g., Tello v. Comm'r.*, 2005 WL 1664707 (5th Cir. July 18, 2005).

with respect to their Tax Court case and the IRS administrative proceedings that occurred prior to their Tax Court case.  In particular, the Plaintiffs complain that (i) certain officers and employees of the United States Tax Court committed "record tampering" by removing, via an "unfiling" order (Pltfs.' Ex. P-133), certain documents (Pltfs.' Exs. P-134, P-135) from the Plaintiffs' Tax Court case that were submitted to the Tax Court for filing; and (ii) as detailed in their VCC, all the individual defendants (whether named or unknown) have engaged and/or conspired in criminal acts, including retaliation, extortion (including RICO), mail fraud, tampering with witnesses and documents, and violating federal and state criminal laws that prohibit the aforementioned conduct.  In short, the Plaintiffs <u>claim</u> that the individual defendants acted outside the scope of their employment by committing criminal acts.

The Plaintiffs named as defendants the following:  (i) an unknown judge of the U.S. Tax Court; (ii) a partially unknown deputy clerk of the Tax Court; (iii) Robert R. Di Trolio, Clerk of the United States Tax Court; (iv) Mark W. Everson, Commissioner of the Internal Revenue Service; (v) Donald L. Korb, Chief Counsel, Internal Revenue Service; (vi) Thomas R. Thomas, Division Counsel, Internal Revenue Service; (vii) Gary A. Benford, Area Counsel, Internal Revenue Service; (viii) Abbey B. Garber, Associate Area Counsel, Internal Revenue Service, Michelle M. Kwon, attorney, Internal Revenue Service; (ix) Scott Prentky, Director, Ogden, Utah Campus, Internal Revenue Service; (x) Rodney J. Strickland, Program Manager, Ogden, Utah Campus, Internal Revenue Service; and (xi) the United States of America.

Yet, upon closer examination of the Plaintiffs' complaint, there is no evidence to support the Plaintiffs' claims.  In fact, many of the acts complained of would be considered acts that are associated with the respective defendants' positions of employment with their respective federal agency and, as such, are performed in their official capacity.

The Plaintiffs first complain that the following defendants, an unknown judge of the Tax Court, a partially unknown deputy clerk of the Tax Court, and Mr. Di Trolio, the Clerk of the Tax Court, "removed from the Taylor's Tax Court case No. 13834-06, a Notice, a verified statement and three exhibits." (Pltfs.' Cmplt., pp.1-2). The documents referred to by the Plaintiffs are Exhibits P-134 (Plaintiffs' Notice of Conditional Parallel Litigation), P-135 (Plaintiffs' First Supplemental Exhibits for Original Petition), P-108 (IRS Notice to Lyndon Taylor, dated August 14, 2006), P-109 (IRS Notice to Barbara Taylor, dated August 14, 2006), and P-110 (IRS Letter to Lyndon and Barbara Taylor, dated August 10, 2006). According to the Plaintiffs, the "unfiling" document is Exhibit P-133. (Pltfs.' Cmplt., p. 2). Based on these alleged acts, the Plaintiffs' claim that "where documents disappear from the Record without any reason, that's criminal Record-tampering on its face." (Pltfs.' Cmplt., p. 3).

Second, the Plaintiffs complain that, as detailed in their VCC and exhibits, the defendants engaged in numerous other violations of federal and state criminal laws[3], namely, tampering with government records, mail fraud, fraud and false statement, retaliation, extortion, theft, violation of rights, and violation of Organized Criminal Activities. (Pltfs.' Cmplt., p. 4). The specific "acts" by the individual defendants are as follows:

(a) <u>Criminal record tampering, witness tampering, extortion</u>. (VCC pp. 11, 13, 16, 20): The unknown Tax Court judge, unknown deputy clerk and Mr. Di Trolio, removed from Plaintiffs' Tax Court record, via an unfiling document that is not signed by a judge (Ex. P-133), certain documents that the Plaintiffs sent to the Tax Court for filing. (VCC p. 10-11, 16). These documents were returned to the Plaintiffs with an "unfiling" document. (VCC p.11). Also, the

---

[3] The conduct alleged by the Plaintiffs to support their allegations of the defendants' violations of the Texas Penal Code provisions is essentially the same conduct as that alleged to support the defendants' alleged violations of federal criminal law. (VCC pp.38-56). For brevity, the United States will only recite the Plaintiffs' federal-based offenses.

Tax Court judge, in conspiracy with Mr. Di Trolio, intimidated and threatened the deputy clerk to remove or not file the documents submitted by the Plaintiffs to the Tax Court.  (VCC p.17).  In addition, the Tax Court judge, the deputy clerk and Di Trolio have attempted to commit an act of extortion against the Taylors by removing the Plaintiffs' submitted documents.  (VCC p.20). These defendants, in conspiracy and along with the remaining individual defendants, aided and abetted the record tampering, extortion and intimidation by pursuing the litigation (the Tax Court litigation), via an answer and counterclaim, based on "false, untenable, law-defying positions" and the letter sent by defendant Prentky advising of penalties for their frivolous arguments. (VCC p.12-13, 18-19).  Moreover, Commissioner Everson and the IRS personnel have committed or attempted to commit an act of extortion against the Taylors by (i) filing the IRS' answer in the Tax Court case demanding payment of the taxes and seeking penalties under section 6673 for frivolous arguments and (ii) by sending correspondence to the Taylors advising of possible penalties for asserting frivolous tax positions.  (VCC pp.20, 21).

     (b)  Retaliation.  (VCC pp.14-15):   In response to the Plaintiffs' Tax Court petition (which overtly alleges extortion and mail fraud) and "Pollack I Notice," the IRS Commissioner, through the Chief Counsel's Office, "knowing[ly] and with the intent to retaliate, filed an 'Answer' and 'counterclaim' in Tax Court" (VCC p. 14, Ex.P-139), which makes the demand that the Taylors pay the taxes due and be sanctioned for asserting frivolous tax arguments.  (VCC p.14).  Also, the IRS administrative person—Mr. Prentky—sent a letter to the Taylors "threatening  the Taylors with civil penalties" for asserting frivolous arguments.  (VCC p. 14, Ex. P-140).  In addition, the Tax Court and clerk concealed or removed documents from the Taylors' Tax Court case.  (VCC p.15).  Defendants Kwon and Prentky, by filing an answer demanding section 6673 penalties and sending the letter threatening civil penalties further retaliated against the Plaintiffs.  (VCC p. 15).

(c) <u>Mail Fraud</u>.  (VCC pp. 24-28):  All of the "criminal conduct" by the defendants has utilized the United States mail.  The IRS Commissioner and his personnel used the mail to send demand letters, including the 90-day demand letters sent by defendant Prentky (known as the Notice of Deficiency, Exs. P-105 & P-106), the request for consent letter sent by defendant Strickland (Ex. P-104), the answer and counterclaim mailed by defendant Kwon (Ex. P-139), and "threats of civil penalties" contained in defendant Prentky's letter (Ex. P-140).  (VCC p.24-27).  The Tax Court used the mail to take and carry away the Plaintiffs' documents they submitted for filing from the Tax Court record.  (VCC p.24-25).  Also, the individual defendants conspired to aid and abet in the mail fraud.  (VCC p.27-28).

(d) <u>Fraud and False Statement</u>.  (VCC pp.28-32):  The unknown Tax Court Judge, the partially unknown deputy clerk, or Di Trolio made a materially false or fraudulent statement by using an unsigned "unfiling" document to properly justify the removal of documents from the Tax Court record.  (VCC p.28-29).  By sending the 90-day demand letter demanding the tax and to cover up the refund due the Plaintiffs, Prentky made a false statement.  (VCC p.29).  Prentky also sent a letter "threatening" the Plaintiffs with civil penalties if they continued to make frivolous tax arguments, and this letter "falsifies …the nature of the federal income tax system."  (VCC p.31).  Defendant Kwon knowingly and willfully signed and filed an answer and counter-claim in the Tax Court demanding the payment of the taxes due the IRS and demanding penalties under section 6673.  (VCC p.30).  By "drafting" the answer and counterclaim, Kwon made a false writing knowing it contained false or fraudulent statements.  (VCC p.30).  All individual defendants conspired and aided and abetted to make false statements.  (VCC pp.31-32).

(e) <u>Violation of Rights</u>.  (VCC pp.32-35):  The unknown Tax Court judge, partially unknown deputy clerk and Mr. Di Trolio, by "removing" the documents from the Plaintiffs' Tax Court case, have engaged in a conspiracy to violate the Taylors' right to Due Process.  (VCC

pp.32-33).  These same defendants also violated the Taylors' right to Equal Protection as they

did not advise the Plaintiffs of the problems with their filing (which were in fact set out in Ex.

133) and allow them the opportunity to cure.  (VCC p.34-35).  Further, all the individual

defendants, by the IRS sending the 90-day letters, the Tax Court "unfiling" the Plaintiffs

documents, the Chief Counsel's attorneys' demand for sanctions (*i.e.*, section 6673 penalties),

and the IRS' letter threatening penalties for frivolous tax arguments, have conspired and aided

and abetted to deprive the Taylors of Due Process and Equal Protection.  (VCC pp.33, 35).

(f) RICO—Extortion.  (VCC pp.36-37):  Plaintiffs state that "income tax matters"

qualify as commerce, and all the defendants (individually and in conspiracy) have obstructed,

delayed or affected that commerce by extortion.  (VCC p.36).  All defendants have committed

extortion by inducing--by actual or threatened force-- the Plaintiffs to pay monies to the

government, record tampering by the Tax Court, retaliation, witness tampering, false statements,

violation of rights, extortion and mail fraud (mailing the IRS 90-day letter, the IRS answer to

Tax Court, and the notice of civil penalties for asserting frivolous arguments). (VCC pp.36-37).

In addition to seeking monetary damages totaling $110 million, the Plaintiffs request a

permanent injunction against each of the defendants preventing them from threatening the

Taylors with sanctions and civil penalties, and the like, when the Taylors argue and assert the

law applicable to any "income tax" matter that may ever arise in the future and preventing the

defendants from criminally violating the Taylors again.  (Pltfs.' Cmplt., p. 5-6).  The Plaintiffs

also request a declaratory judgment based on the misconception that the federal rules deny *pro se*

litigants the opportunity to seek monetary sanction in "regular" civil litigation, which they

contend violates the equal protection clause of the Fifth Amendment to the United States

Constitution.  (Pltfs.' Cmplt., pp. 6-7).

As demonstrated below, based on the Plaintiffs' Complaint and the lack of evidence of any claims, the Plaintiffs' Complaint fails to state a claim for which relief may be granted. The United States moves to dismiss this case for lack of subject matter jurisdiction. Also, the United States moves to dismiss on behalf of the individual defendants the Plaintiffs' Complaint on the grounds of immunity from suit either in their official or individual capacities. Also, the Plaintiffs have failed to properly serve the individual defendants. Finally, the Plaintiffs' claims appear to be based upon criminal statutes that have no private cause of action. Accordingly, the Plaintiffs' complaint should be dismissed with prejudice.

## II.  Argument and Authorities

The United States interprets the Plaintiffs' complaint with respect to the individual defendants as against them in their official capacity. Under such circumstances, the Plaintiffs' claims are barred by sovereign immunity. Likewise, if the Plaintiffs' complaint is against the individual defendants in their individual capacities, it still fails to state a cause of action for which relief may be granted and/or the individuals are entitled to dismissal on immunity grounds. The Plaintiffs have also failed to properly serve the individual defendants as required by Federal Rule of Civil Procedure 4(i); accordingly, the individual defendants move to dismiss for lack of personal jurisdiction and/or sufficient service. For these reasons, the defendants are entitled to dismissal of the Plaintiffs' lawsuit.

### A.  *Summary of Applicable Law*

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss allows a party to challenge the district court's subject matter jurisdiction to hear a case. Lack of subject matter jurisdiction may be found in (i) the complaint alone; (ii) the complaint supplemented by the undisputed facts evidenced in the record; and (iii) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d

657, 659 (5th Cir. 1996). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.2d 158, 161 (5th Cir. 2001). Here, the Plaintiffs must demonstrate the Court has subject matter jurisdiction over their claims. The Plaintiffs cannot do so.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court will dismiss a plaintiff's complaint where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The district court must limit itself to the contents of the pleadings, including attachments thereto, to determine whether a claim has been stated. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). By contrast, a movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and

other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The verified complaint of a pro se litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993). However, conclusory statements, hearsay, and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Topalian*, 954 F.2d at 1131.

**B.**    ***The Plaintiffs' Claims are Barred by Sovereign Immunity and Must Be Dismissed***

It is beyond dispute that the United States may not be sued without consent. Thus, when a suit is brought against the United States, a jurisdictional question arises, *i.e.*, whether the action is barred by sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature"). Under the doctrine of sovereign immunity, the United States is immune from suit except to the extent that it has expressly consented to be sued. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *United States v. Nordic Village*, 503 U.S. 30, 34 (1992). A waiver of sovereign immunity must be specifically expressed; a waiver may not be implied. *Nordic Village,* 503 U.S. at 32-35; *United States v. King,* 395 U.S. 1, 4, (1969). Because sovereign immunity can only be waived by the sovereign, the circumstances of its waiver must be observed scrupulously, and not expanded by the courts. *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). Also, sovereign immunity is not avoided by naming officers and employees of the United States as defendants. *Gilbert v. DaGrossa*, 756 F.2d 1455 (9th Cir. 1986).

The burden is on the taxpayer to find and prove an "explicit waiver of sovereign immunity." *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990); *see Brooks v. Snow*, 313 F.Supp.2d 654, 659 (S.D. Tex. 2004), *aff'd sub nom. Brooks v. Dam*, 126 Fed. Appx.

173 (5th Cir. 2005).  The absence of consent is a fundamental, jurisdictional defect that may be asserted at any time.  Thus, absent any consent or waiver to be sued by the United States, dismissal of the action is proper because the court lacks jurisdiction to hear the case.  *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949).  This immunity extends to agencies and officers of the United States as well.  *See Swift v. United States Border Patrol*, 578 F. Supp. 35, 37 (S.D. Tex. 1983).  The doctrine of sovereign immunity protects individual employees acting officially, as were the individual defendants in the case before this Court, because their acts are construed to be that of the sovereign.  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

An integral part of the sovereign's power to lift the veil of sovereign immunity is its authority to establish the requirements for proceeding with a lawsuit.  *See Bruno v. United States*, 547 F.2d 71, 73 (8th Cir. 1976); *United States v. Dansby*, 509 F. Supp. 188 (N.D. Ohio 1981).  Any lawsuit which is (1) not provided for by statute, or (2) does not comply with the statutory requirements must be dismissed because it is jurisdictionally defective.  *See United States v. Testan*, 424 U.S. 392, 399 (1976); *Land v. Dollar*, 330 U.S. 731 (1947).  It is incumbent, therefore, for the plaintiff to state in the complaint the grounds upon which the sovereign or its employees being sued in their official capacity consents to the lawsuit.  *See Harvey Constr. Co. v. Robertson-CECO Corp.*, 10 F.3d 300, 303 (5th Cir. 1994).  This case, therefore, must be dismissed unless sovereign immunity has been waived.

Here, it is clear that the Plaintiffs cannot make such a showing that the United States has expressly consented to suit and, therefore, their complaint must be dismissed.  Although the Plaintiffs name individual Internal Revenue Service and United States Tax Court employees, and attempts to claim that they are suing them as "individuals," the suit is in reality against the United States.  The essence of the Plaintiffs' complaint is that the federal employees acted

illegally by either returning to the Plaintiffs unfiled documents from the U.S. Tax Court, the

Internal Revenue Service employees mailing various notices and correspondence, including the

Statutory Notice of Deficiency, to the Plaintiffs, and the IRS counsel filing and serving the IRS'

answer and counterclaim for penalties in the Plaintiffs' Tax Court case. It is thus apparent that

the federal employees are being sued strictly in their official capacity, and this action must be

considered solely a claim against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458

(9th Cir. 1985); *Atkinson v. O'Neill*, 867 F.2d 589, 599 (9th Cir. 1989); *Burgos v. Milton*, 709

F.2d 1, 2 (1st Cir. 1983).

To the extent Plaintiffs' allegations could be construed as a cause of action for

constitutional violations, neither the United States nor the individuals being sued in their official

capacity have waived sovereign immunity for claims of constitutional violations. Nor have the

Plaintiffs identified any statute granting this Court jurisdiction over the United States. Thus, the

Court lacks subject matter jurisdiction over the claims. *Pereira v. U.S. Postal Service.*, 964 F.2d

873, 876 (9th Cir. 1992). Also, if the Plaintiffs are attempting to allege a constitutional violation

against the individual defendants in their individual capacity, no cause of action exists for

constitutional violations regarding the assessment or collection of taxes. *See Cameron v. IRS*,

773 F.2d 126, 129 (7th Cir. 1985) (concluding no *Bivens* action where IRS agents badgered or

harassed the taxpayer while trying to collect taxes); *see also Baddour, Inc. v. United States*, 802

F.2d 801, 808 (5th Cir. 1986). Accordingly, any allegation of a constitutional tort fails to state a

cause of action.

Further, to the extent the Plaintiffs are alleging civil RICO violations against the

defendants, the United States cannot be sued under RICO. A predicate for bringing a civil RICO

action is the existence of a "pattern of racketeering activity." *McNeily v. United States*, 6 F.3d

343, 350 (5th Cir. 1993); *see also*, *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). As

explained in *McNeily* and *Berger*, the federal government and its agencies are not "chargeable," "indictable," or "punishable" for violations of specific state and federal criminal laws. *Id.* As such, even disregarding the fact that the United States has not waived its sovereign immunity with respect to RICO actions, it cannot fall within the realm of potential defendants to a RICO action and any such action against it should be dismissed.

In addition, to the extent the Plaintiffs have sued the named defendants in their official capacity, their suit is in reality a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *State of Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 705 (1st Cir. 1993); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *Unimex, Inc. v. U.S. Dept. Housing and Urban Development*, 594 F.2d 1060, 1061-62 (5th Cir. 1979). It follows that, since a RICO action cannot be brought against the United States, to the extent that the Plaintiffs' suit asserts a cause of action against a federal employee acting in his or her official capacities, then that aspect of the suit must also be dismissed.[4]

**C.** *The Defendants are Entitled to Immunity From Suit*[5]

**1) Defendants Korb, Thomas, Benford, Garber and Kwon are Entitled to Absolute Prosecutorial Immunity and Plaintiffs' Claims Against Them Should be Dismissed.**

Defendants Korb, Thomas, Benford, Garber and Kwon have absolute prosecutorial immunity from the Plaintiffs' allegations and claims. As government attorneys whose only involvement has been counsel during the proceedings brought by the Plaintiffs against the IRS

---

[4] Although the United States believes that it is the proper, although not sueable, party to the RICO cause of action asserted by Plaintiffs' complaint, alternative reasons also exist for dismissing the Plaintiffs' complaint. For the sake of completeness, the United States has addressed these alternative reasons supporting dismissal of Plaintiffs' complaint.

[5] The Plaintiffs assert that the defendant "One Presently Unknown" is a judge of the United States Tax Court. (Pltfs. Cmplt., pp. 2, VCC p.4). This defendant has not been served. (Dkt.). Nonetheless, the United States states that judicial officers are absolutely immune from civil liability for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 433 U.S. 349 (1978). The Plaintiffs cannot show that this alleged defendant acted outside their judicial capacity. Plaintiffs' allegations are unsubstantiated and the actions of any judicial officer were well within the scope of their authority. *Id.*

Commissioner in the United States Tax Court, they have absolute immunity for all allegations brought by the Plaintiffs in this action. *See Butz v. Economou*, 438 U.S. 478, 516-17 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see, e.g., McQueen v. United States*, 264 F.Supp.2d 502, 512-13 (S.D. Tex. 2003). Therefore, this action should be dismissed.

The basis for absolute immunity for government attorneys participating in civil proceedings was signaled by the United States Supreme Court in *Butz v. Economou*, 438 U.S. 478 (1978). There, in the context of a case concerning administrative enforcement proceedings in which penalties and sanctions could be imposed, the Court said, "We think that adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suit for damages." 438 U.S. at 512-13. That immunity includes agency officials who are responsible for the decision to initiate or continue an administrative proceeding. *Id.* at 516. As to agency attorneys conducting a trial (or hearing) and presenting evidence, the Court likened their function to that of a prosecutor and held that they were absolutely immune:

> We can see no substantial difference between the function of the agency attorney in presenting evidence in an agency hearing and the function of the prosecutor who brings evidence before a court.***If agency attorneys were held personally liable in damages as guarantors of the quality of their evidence, they might hesitate to bring forward some witnesses or documents.***We therefore hold that an agency attorney who arranges for the presentation of evidence on the record in the course of an adjudication is absolutely immune from suits based on the introduction of such evidence. 438 U.S. at 516-17.

Although *Butz* concerned administrative proceedings in which penalties and sanctions could be imposed, giving them a criminal aura, and the Court used the role of the prosecutor for its analogy, nothing in its reasoning precludes its application to government attorneys functioning in proceedings where traditional civil remedies are the outcome. *Cf.* 438 U.S. at 516 n.40. Indeed, *Butz* should apply with even more favor in a judicial proceeding. The judicial

14

process is what is protected by judicial and quasi-judicial immunity, and for immunity purposes there is no principled difference between civil and criminal proceedings.

Several courts of appeals have ruled that the principles outlined in *Butz* operate to afford absolute immunity to government attorneys who initiate or participate in civil proceedings.  The Ninth Circuit explained that protection in *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991), a case much like this one, involving Internal Revenue Service attorneys who handled the tax deficiency claim against the plaintiffs in Tax Court:

> We therefore agree with the Second Circuit, as it stated in *Barrett v. United States,* 798 F.2d 565, 572-73 (2d Cir.1986), that the principles outlined in *Butz* should a fortiori apply to the government attorney's initiation and handling of civil litigation in a state or federal court. Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is "necessary to assure that…advocates…can perform their respective functions without harassment or intimidation." *Butz,* 438 U.S. at 512.  Given the similarity of functions of government attorneys in civil, criminal and agency proceedings, and the numerous checks on abuses of authority inherent in the judicial process, we reiterate our statement in *Flood* that "[t]he reasons supporting the doctrine of absolute immunity apply with equal force regardless of the nature of the underlying action." [*Flood v. Harrington*, 532 F.2d 1248, 1251 (9th cir. 1976)].  If the government attorney is performing acts "intimately associated with the judicial phase" of the litigation, that attorney is entitled to absolute immunity from damage liability.

*See also Mendenhall v. Goldsmith*, 59 F.3d 685 (7th Cir. 1995) (state attorney absolutely immune with respect to filing an injunction, forfeiture of plaintiff's property, seizure of property subject to foreclosure, and settlement negotiations with plaintiff); *Green v. State Bar of Texas*, 27 F.3d 1083, 1088 (5th Cir. 1994); *Saunders v. Bush*, 15 F.3d 64, 67 (5th Cir. 1994); *Schrob v. Catterson*, 948 F.2d 1402, 1412 (3d Cir. 1991); *Barrett v. United States*, 798 F.2d 565, 572-73 (2d Cir. 1986).  By the same token, failure to initiate a civil complaint is also within the protection of absolute immunity.  *See Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988).

The basis for absolute immunity for a government attorney handling civil proceedings, then, is the close association of the challenged conduct with the judicial process, and the scope of

its protection extends accordingly.  This protection is consistent with that provided to prosecutors, and the rationale for it is the same.  Its application is governed essentially by the principles discussed in connection with immunity for prosecutors, *supra*.  It is the judicial process that is the interest ultimately protected by quasi-judicial immunity in both civil and criminal adjudication.

Courts confronting this issue also have extended absolute immunity for government lawyers defending civil suits.  *See Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (concluding that a government attorney defending the IRS was entitled to absolute immunity for his activities during discovery and at trial because those activities were "intimately associated with the judicial phase" of the litigation); *Robinson v. Volswagenwerk AG*, 940 F.2d 1369, 1372-73 (10th Cir. 1991) (refusing to extend absolute immunity to private lawyers because, unlike government lawyers defending civil actions, a private attorney serves only his client and has no responsibility to vindicate the public interest); *Auriemma v. Montgomery*, 860 F.2d 273 (7th Cir. 1988) (noting that although government defense attorneys should generally receive absolute immunity for conducting discovery and presenting their client's case at trial, the government defense attorneys in the case before the court were limited to qualified immunity for conducting extra-judicial investigations outside the controls of the judicial process).

Here, in this case, the Plaintiffs allege that the IRS Chief Counsel's attorneys engaged in extortion, mail fraud, violation of property rights, witness tampering, submitting false statements, violating rights to due process by filing an answer and counterclaim in the Plaintiffs' Tax Court case (VCC p.3, 14, 18-21, 26, 30, 33), engaged in RICO-extortion by "demanding judicial confirmation of the 90-day demand letter" and "the demand for sanction is a threat of force" (by filing an answer and counterclaim) (VCC p.36-37), engaged in conspiracy and aiding and abetting the foregoing acts and the criminal record tampering by the Tax Court "by pursuing the

16

[Tax Court] litigation based on the corrupted record" (VCC p.12), and violated various provisions of the Texas Penal Code based on this same conduct.  Plaintiffs' claims are groundless.

It is clear from the Plaintiffs' complaint that the actions taken by the IRS attorneys are those that are in connection with their official conduct as attorneys for the Internal Revenue Service in the Taylor's Tax Court case.  There is no evidence by the Plaintiffs that any of these defendants acted outside the scope of their authority as government lawyers at any time relevant to the Plaintiffs' Tax Court case.  The advocacy function is not limited to activity which takes place in the courtroom.  It also entails obtaining and evaluating evidence, as well as filing pleadings and motions with the court.  *See Imber v. Pachtman*, 424 U.S. 409, 431 n.33 (1976); *Auriemma v. Montgomery*, 860 F.2d 273, 278 (7th Cir. 1988).  The activities of the IRS Chief Counsel's attorneys complained of by the Plaintiffs took place within the adversarial arena and were subject to the attendant safeguards of the judicial process.  *See Mitchell v. Forsyth*, 472 U.S. 511, 523 (1985).  The Plaintiffs could have raised any concern regarding the IRS attorneys' alleged wrongful conduct before the court in which they occurred.  Thus, the Plaintiffs had an available forum to seek redress for these defendants' alleged conduct without resorting to a suit for money damages or injunctive relief.  The IRS attorneys are assigned and are responsible for defending the IRS Commissioner in Tax Court.  For these reasons, they are entitled to absolute prosecutorial immunity and should be dismissed from this action.

## 2)   Defendants Everson, Prentky, Strickland and Di Trolio Are Entitled to Qualified Immunity[6]

Federal officials enjoy qualified immunity from constitutional and statutory claims.

---

[6]  To the extent the Court determines that defendants Korb, Thomas, Benford, Garber and/or Kwon may not be entitled to absolute prosecutorial immunity, the United States maintains that they are entitled to qualified immunity against the Plaintiffs' claims, as their actions were performed in connection with their positions as IRS attorneys and the Plaintiffs have made no showing, nor can one be made, that the IRS attorneys stood informed they could not take the actions complained of without violating clearly established rights conferred on the Plaintiffs.

*Deusch v. U.S. Dept. of Justice*, 881 F.Supp. 49, 54 (D.D.C. 1995), *aff'd*, 93 F.3d 986 (D.C. Cir. 1996).  Government employees performing discretionary functions are shielded from liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald* 457 U.S. 800, 818 (1982); *Saunders v. Bush*, 15 F.3d 64, 67 (5th Cir. 1994); *Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982); *Deutsch*, 881 F.Supp. at 54; *see also Clay v. Allen* 242 F.3d 679, 682 (5th Cir. 2001) (holding that court clerks are entitled to qualified immunity for "routine duties not explicitly commanded by a court decree or by the judge's instructions").  The statutory or constitutional rights in question must have been "so clearly established when the acts were committed that *any* officer in the defendant's position, *measured objectively*, would have *clearly* understood that he was under an affirmative duty to have restrained from such conduct."  *Cullinan v. Abramson*, 128 F.3d 301, 309 (6th Cir. 1997).  "This 'objective reasonableness' standard focuses on whether defendants reasonably *could* have thought that their actions were consistent with the rights that plaintiff claims have been violated."  *Id.*  An allegation of bad faith or malice, alone, will not defeat an official's claim of qualified immunity.  *Id.*

Qualified, or good faith, immunity is designed to vindicate the important public interest in allowing government officials to do their work without being hauled into court for perceived missteps.  *Id.*  Qualified immunity, rather than absolute immunity, may apply even where absolute immunity essential for the conduct of the public business is not present.  *Id.*

Here, in the present case, all the actions complained of by the Plaintiffs occur through the performance of one or more of the defendant's duties as federal employees.  Defendant Everson is the Commissioner of the Internal Revenue Service; defendant Prentky is the Director, Ogden, Utah Campus, Internal Revenue Service (*see* Pltfs.' Ex. P-105, P-106, P-140), defendant Strickland is a Manager of the Ogden, Utah Campus, Internal Revenue Service (*see* Pltfs.' Exs.

P-104, P-110), and defendant Di Trolio is the Clerk of the United States Tax Court. (*See, e.g.,* Pltfs.' Cmplt.; VCC).

With respect to defendants Prentky and Strickland, there is not a scintilla of evidence that these defendants acted improperly, much less violated any federal constitutional right. Defendants Prentky's and Strickland's sole involvement with the Plaintiffs are the issuance of various IRS notices and correspondence generated at the Ogden, Utah IRS Center advising the Plaintiffs of differences in income reported on their tax returns and changes to their tax account for tax year 2003, the issuance of the required Statutory Notice of Deficiency under IRC section 6212(a) (a/k/a the 90-day letter for purposes of IRC section 6213(a)), and correspondence in response to Plaintiffs' communications that advises the Plaintiffs of the potential for civil penalties for making frivolous tax arguments. (*See* Exs. P-101, P-104, P-105, P-106, P-108, P-109, P-110, P-123, P-125, P-136, P-137, P-140). With respect to defendant Everson, there also is not a scintilla of evidence that this defendant acted improperly, much less violated any federal constitutional right. In fact, the only government document on which Commissioner Everson's name appears is on exhibit P-139, which is the Answer filed in the Plaintiffs' Tax Court case by IRS attorney Michelle Kwon.

Likewise, defendant Di Trolio[7], who is the Clerk of the U.S. Tax Court, is entitled to qualified immunity for his routine or ministerial duties not explicitly commanded by a court decree or by the judge's instructions.[8] The Plaintiffs complain of Mr. Di Trolio's "criminal record tampering" by not filing certain documents that the Plaintiffs intended to file with their

---

[7] The Plaintiffs have also named as a defendant One Partially Unknown whose initials are MAL, and assert that this person is a deputy clerk of the Tax Court. (Pltfs.' Cmplt. pp.2-3). As such, this defendant, for same reasons as defendant Di Trolio, is entitled to either qualified immunity or absolute immunity (as discussed in footnote 8).

[8] To the extent the Court interprets the conduct committed by the Clerk of the Court as more than a routine duty not commanded by a court order or decree, then defendant Di Trolio would be entitled to absolute immunity from the Plaintiffs' action from acts he was specifically required to perform under court order or at a judge's discretion. *See Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001); *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981).

Tax Court petition and that the "unfiling" document is not proper.  (*See* Pltfs.' Cmplt. pp.2-3, Ex. P-133).  However, the "unfiling" document clearly sets forth the reasons the documents were being returned to the Plaintiffs:  (i) insufficient copies as required by Tax Court Rule 23(b) and the Parallel Litigation Notice was not a document that is properly filed with the Tax Court, and (ii) the Tax Court did not file the First Supplemental Exhibits for Original Petition because they were improperly titled and did not include an original signature as required by Tax Court Rule 23(a).  Tax Court Rule 23(g) states that "[T]he Court may return <u>without filing</u> any paper that does not conform to the requirements of this Rule."  Tax Court Rule 23(g) (emphasis added).  The clerk was therefore authorized by the rules of the Tax Court to not file the Plaintiffs' documents and to return them.  Nor is there a scintilla of evidence presented by the Plaintiffs that this defendant acted improperly, much less violated any federal constitutional right.

The United States contends that the Plaintiffs' complaint and attachments thereto are nothing more than vague, conclusory and global assertions of criminal activity on the part of defendants Prentky, Strickland, Everson and Di Trolio, and are wholly insufficient to create any claim or genuine issue of material fact for trial.  Moreover, the Plaintiffs have made no showing, nor can one be made, the defendants Prentky, Strickland, Everson or Di Trolio stood informed that they could not take the actions complained of without violating clearly established rights conferred on the Plaintiffs by the RICO and criminal statutes.  As such, the mere actions of Defendants Prenkty, Strickland, Everson and Di Trolio are protected by qualified immunity.

**D.**    ***The Individual Defendants Were Not Properly Served***

The Plaintiffs have not properly served the individual defendants.  When service of process is challenged, the party making service has the burden to establish its validity.  *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).  Rule 4(i) of the Federal Rules of Civil Procedure governs the required service if a party is suing

the United States, its agencies or employees.  The Court cannot exercise personal jurisdiction over a defendant unless there has been proper service over a defendant pursuant to Fed. R. Civ. P. 4(i).

In this case, the docket sheet and Plaintiffs' filed proofs of service of their complaint on the individual defendants do not satisfy the requirements prescribed under Fed. R. Civ. P. 4(i)(2), where the individual defendants are sued in their individual capacities.  None of the filed return of service, although purporting to show personal service, actually reflect any summons being personally served on any of individual defendants pursuant to the requirements of Fed. R. Civ. P. 4(i)(2)(B).  As a result, service of the individual defendants is defective as none of the individual defendants were personally served with respect to those acts that are alleged to have occurred in their individual capacities.  The Court does not have personal jurisdiction over the individual defendants.  Plaintiffs' complaint against these individual defendants should be dismissed.

**E.**   ***Plaintiffs' Request for Injunctive Relief is Barred by 26 U.S.C. § 7421***

To the extent the Plaintiffs' complaint seeks to enjoin or restrain the Internal Revenue Service from collecting taxes, civil penalties, or making assessments against the Plaintiffs (following the conclusion of their Tax Court case), their complaint should be dismissed for lack of subject matter jurisdiction since it violates the Anti-Injunction Act.  Pursuant to section 7421 of the Internal Revenue Code, commonly known as the Anti-Injunction Act,

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

This statute, in effect, withdraws from the Court jurisdiction to grant injunctive relief restraining the assessment or collection of federal taxes, even though jurisdiction to adjudicate the suit in which such relief is sought might otherwise exist.  *See Bob Jones Univ. v. Simon*, 416 U.S. 725

(1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962).  The reason for this

was set forth in *Bob Jones University*, 416 U.S. at 736-37, wherein the Supreme Court stated:

> The Anti-Injunction Act apparently has no recorded legislative
> history, but its language could scarcely be more explicit—'no suit
> for the purpose of restraining the assessment or collection of any
> tax shall be maintained in any court....'  The Court has interpreted
> the principal purpose of this language to be the protection of the
> Government's need to assess and collect taxes as expeditiously as
> possible with a minimum of pre-enforcement judicial interference,
> 'and to require that the legal right to the disputed funds be
> determined in a suit for refund.'  *Enochs v. Williams Packing &
> Navigation Co.*, 370 U.S. at 7; *see also, e.g. State Railroad Tax
> Cases*, 92 U.S. 575, 613-14 (1876); *cf. Cheatham v. United States*,
> 92 U.S. 85, 88-89 (1876).

Furthermore, the Plaintiffs have not even alleged any facts or circumstances as to why they

should be excepted from the provisions of the Anti-Injunction Act.  Accordingly, this Court lacks

subject matter jurisdiction to consider the Plaintiffs' request for a restraining order or any other

type of injunctive relief sought against the United States regarding their federal taxes and the

collections thereof.

**F.**   ***Plaintiffs' Request for Declaratory Relief Fails to State a Claim***

The Plaintiffs' Complaint also requests a declaratory judgment based on the

misconception that the federal rules deny *pro se* litigants the opportunity to seek monetary

sanction in "regular" civil litigation, which they contend violates the equal protection clause of

the Fifth Amendment to the United States Constitution.  (Pltfs.' Cmplt. pp.6-7).  The Plaintiffs'

claim, however, fails to recognize that sanctions under the federal rules are available in

appropriate circumstances to both *pro se* litigants and to represented parties.

Rule 11 of the Federal Rules of Civil Procedure allows any party, whether or not

represented by counsel, to file a motion for sanctions if a pleading, motion, or other paper: (1) is

presented for improper purpose, such as to harass the opposing party or cause unnecessary delay;

(2) advance claims, defenses and other legal contentions that are not warranted by existing law or

by a non-frivolous argument for the extension, modification, or reversal of existing law; or

(3) contains allegations and other factual contentions that have no evidentiary support. *See* Fed.

R. Civ. P. 11(b) & (c). Rule 11 does not limit available sanctions to attorneys' fees or otherwise

discriminate against *pro se* litigants as the Plaintiffs' suggests. *See, e.g. Committe v. Dennis*

*Reimer Co., L.P.A.*, 150 F.R.D. 495 (D. Vt. 1993). Accordingly, the Plaintiffs fail to state an

equal protection claim and such claim must be dismissed.

**G.   *Plaintiffs' Claims Under the Federal and Texas Criminal Statutes Should Be Dismissed For Failure to State a Claim Upon Which Relief Can Be Granted.***

The Plaintiffs' complaint (paragraphs 15-19) purportedly seeks damages for the

individual defendants' violations of federal and Texas criminal statutes.[9] In addition, it appears

that the Plaintiffs are trying to incorporate damages under these statutory criminal provisions by

reference to their "verified criminal complaint." The Plaintiffs lack the authority to bring these

criminal actions since these statutes do not confer a private right of action. Moreover, the

Plaintiffs have failed to allege facts sufficient to show a violation of any of these criminal

statutes.

Private citizens generally have no standing to institute federal criminal proceedings. *See*

*Keenan v. McGrath,* 328 F.2d 610, 611 (1st Cir.1964). Nor can criminal statutes be enforced by

civil actions. *Bass Angler Sportsman Soc'y v. United States Steel Corp.,* 324 F.Supp. 412, 415

(S.D.Ala.1971), *aff'd,* 447 F.2d 1304 (5th Cir.1971). For example, the federal mail fraud statutes

---

[9] 18 U.S.C. § 2 (Principals); 18 U.S.C. § 3 (Accessory after the fact); 18 U.S.C. § 241 (Conspiracy against rights); 18 U.S.C. § 242 (Deprivation of rights under color of law); 18 U.S.C. § 371 (Conspiracy to commit offense or defraud the United States); 18 U.S.C. § 872 (Extortion by officers or employees of the United States); 18 U.S.C. § 880 (Receiving proceeds from extortion); 18 U.S.C. § 1001 (False statements and entries); 18 U.S.C. § 1341 (Mail fraud); 18 U.S.C. § 1349 (Attempt to conspire); 18 U.S.C. § 1512 (Tampering with witness, victim or informant); 18 U.S.C. § 1513 (Retaliating against a witness, victim or informant); 18 U.S.C. § 1951 (Interference with Commerce, RICO); 18 U.S.C. § 2071 (Concealment, removal or mutilation of records). Texas Penal Code §§ 15.01 (Criminal Attempt); 15.02 (Criminal Conspiracy); 31.03 (Theft); 36.05 (Tampering with witness); 36.06 (Obstruction or retaliation); 37.09 (Tampering with or fabricating physical evidence); 37.10 (Tampering with government record); 39.03 (Official Oppression); and 71.02 (Engaging in organized criminal activity).

(§§ 1341, 1349) are criminal in nature and do not create a private right of action. *See, e.g., Bell v. Health-Mor, Inc.,* 549 F.2d 342, 346 (5th Cir. 1977); *White v. Apollo Group*, 241 F.Supp.2d 710, 713-14 (W.D.Tex. 2003). There is no private right of action for one who makes false or fraudulent statements (18 U.S.C. § 1001). *Williams v. McCausland*, 791 F.Supp. 992, 1001 (S.D.N.Y. 1992), citing *Federal Sav. & Loan Ins. Corp. v. Reeves,* 816 F.2d 130 (4th Cir.1987). Nor does the federal criminal statute for concealment or removal of records (§ 2071) provide a private cause of action. *Dugar v. Coughlin,* 613 F.Supp. 849, 852 n. 1 (S.D.N.Y.1985)(no private right of action under § 2071).

Likewise, sections 241, 242, 371, 872, 1512, 1513, and 1951 of Title 18 do not provide a private right of action or a predicate for a cause of action. *Larson v. Larson*, 671 F.Supp. 718, 719 (D. Utah 1987); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985), citing *Powell v. Kopman*, 511 F.Supp. 700 (S.D.N.Y. 1981); *Nordbrock v. United States*, 96 F.Supp.2d 944, 948 (D. Ariz. 2000); *Drake v. Enyart*, 2006 WL 3524109, at *5 (W.D. Ky. Dec. 4, 2006); *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999). Finally, the Texas Penal Code does not create private causes of action. *A.H. Belo Corp., KHOU-TV v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App.—Houston [1[st] Dist.] 2001, pet. denied); *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler, 1996, writ denied). The Plaintiffs' reliance on these criminal statutes does not afford them a private cause of action. The Plaintiffs have failed to allege facts sufficient to show a violation of any of these statutes. Accordingly, the Plaintiffs have failed to state a claim for which relief can be granted and their claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

### III.  Conclusion

The Plaintiffs' complaint against the United States should be dismissed for lack of subject matter jurisdiction. The individual defendants are entitled to immunity and the Plaintiffs'

claims and the complaint against them should be dismissed.  The Plaintiffs' complaint should

also be dismissed for failure to state a claim upon which relief can be granted.  The defendants

pray that their Motion to Dismiss or Alternatively for Summary Judgment be granted and the

complaint against them be dismissed.


## CERTIFICATE OF SERVICE

I hereby certify that on January 16, I electronically filed the foregoing document with the
Clerk of the Court using the ECF system, with service of the foregoing document as indicated to
the following:

H. Lyndon Taylor                              Via CM,RRR
Barbara L. Taylor
7014 Mason Dells Dr.
Dallas, Texas 75230

/s/ David G. Adams
DAVID G. ADAMS